**ORIGINAL**

# In The United States Court of Federal Claims

No. 14-430 C

This Opinion Will Not Be Published in the U.S. Court of Federal Claims Reporter Because It Does Not Add Significantly to the Body of Law.

(Filed:  August 18, 2014)

**FILED**

**AUG 18 2014**

**U.S. COURT OF FEDERAL CLAIMS**

PERCY ALLEN WILLIAMS,

    Plaintiff,

v.

THE UNITED STATES,

    Defendant.

## OPINION and ORDER

On May 19, 2014, plaintiff, Percy Allen Williams, filed a complaint for breach of contract and for violations of the Trading With the Enemy Act, 50 U.S.C. § 9(a), seeking, *inter alia*, a restraining order and preliminary injunction.  Plaintiff, who is presently incarcerated in a correctional institution in Polkton, North Carolina, alleges that he entered into a contract with the Department of Justice that entitled him to $25 million in damages.  On June 5, 2014, plaintiff moved to dismiss that complaint under RCFC 12(b)(1) and 12(b)(5), and to have this court deny any injunctive relief.  On June 23, 2014, plaintiff filed a motion for leave to proceed *in forma pauperis*, but without responding to defendant's motion.  For the reasons that follow, defendant's motion to dismiss is hereby **GRANTED**.

This court is solemnly obliged to address obvious questions concerning its subject matter jurisdiction.  *See Mitchell v. Maurer*, 293 U.S. 237, 244 (1934).  This court recognizes that plaintiff is acting *pro se* before this court, and thus the court will hold the form of plaintiff's submissions to a less stringent standard than those drafted by an attorney.  *See Reed v. United States*, 23 Cl. Ct. 517, 521 (1991) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)).  Having reviewed plaintiff's complaint, as well as defendant's motion to dismiss, this court is certain that it lacks jurisdiction to consider the claims that plaintiff raises.

When a plaintiff fails to plead facts that are not, as a matter of law, sufficient to show that a contract exists with the United States, "the normal disposition would be to dismiss the

complaint for failure to state a claim, rather than for want of jurisdiction." *Lewis v. United States,* 70 F.3d 597, 602 (Fed. Cir. 1995). There is, however, an exception to the general rule "that permits dismissals on jurisdictional grounds if the claim is 'wholly insubstantial and frivolous.'" *Id.* (quoting *Bell v. Hood,* 327 U.S. 678, 682-83 (1946)). "[T]he Federal Circuit has held that insubstantial allegations as to the existence of a money-mandating contract will warrant dismissal for lack of subject matter jurisdiction." *Twp. of Saddle Brook v. United States,* 104 Fed. Cl. 101, 110 (2012) (citing *Rick's Mushroom Serv. v. United States,* 521 F.3d 1338, 1343-44 (Fed. Cir. 2008)). Such is plainly the case here – would be the case even if plaintiff were viewed as meeting the jurisdictional requirements in the Tucker Act, 28 U.S.C. § 1491(a). *See* RCFC 12(b)(6).

Nor is there any legal basis for plaintiff's claim that the Department of Justice violated the Trading with the Enemy Act. This court lacks jurisdiction to address any claims relating to that statute. *See Duisberg v. United States,* 89 F. Supp. 1019, 1022 (Ct. Cl. 1950); *see also N.V. Montan Export-Metaal Handel-Maatschappij v. United States,* 102 F. Supp. 1016 (Ct. Cl. 1952); *see generally, Hoffman v. United States,* 17 Fed. Appx. 980 (Fed. Cir. 2001).

Accordingly, the Clerk shall dismiss plaintiff's complaint for lack of jurisdiction.

**IT IS SO ORDERED.**

/s/ Francis M. Allegra
Francis M. Allegra
Judge